

AUG - 9 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KARAN BATRA,

    Plaintiff,

v.    Civil Action No. **3:13CV787**

EDWARD L. SMITH, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Karan Batra, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on the Motion to Dismiss filed by Correctional Officer Edward L. Smith and Sergeant S.T. Hite and the Court's authority to review complaints filed by prisoners.[2] Batra has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 48) will be GRANTED and the action will be DISMISSED.

### I. STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. Therefore, even though Batra has not served Defendant R.W. Leaboh, the claims against him are subject to dismissal for failure to state a claim on which relief may be granted.

1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Pertinent Facts

On July 4, 2013, Correctional Officer Smith submitted a Disciplinary Offense Report ("DOR"), wherein he charged Batra with escape. In the DOR, Smith stated that:

> On June 19, 2013, I, Officer E. Smith, was working an outside work crew (Crew #9) at the Shenandoah Valley Airport. At approx. 8:40am we started cleaning the private terminal. Offender K. Batra ... was assigned to clean the men's bathroom. ... Batra ... was last accounted for at 9:15am. The crew finished with the private terminal at approx. 9:30 AM, so I gathered my crew together in order to move on to the next building as a group. At this time, ... Batra ... could not be accounted for. I asked the crew if they knew where he was. They suggested he may be in the bathroom. I checked the bathroom however, he was not there. I immediately notified the Airport Police and we searched the immediate area. ... At approx. 9:45 am, I then called the shift commander, Sgt. S. Hite, and informed him that Offender K. Batra may have walked- off of my work crew and could not be accounted for. ... At approx.. 2:25 PM, I returned to the [Cold Springs Work Center] with [the remaining] 7 offenders. Due to an ongoing investigation, it was determined that ... Batra ... did escape from custody while working on an outside work crew ....

(Compl. Ex. 1, at 1–2 (capitalization corrected).)[3] On July 8, 2013, Sergeant Hite provided Batra with a copy of the DOR. (*Id.* at 1.) The DOR also notified Batra that he could call witnesses at the hearing. (*Id.*)

On July 16, 2013, R.M. Leaboh conducted a disciplinary hearing on the above offense. (*Id.* at 4.) Leaboh found Batra guilty:

> [B]ased on [the reporting officer's ("R/O")] summary and oral statement that the accused left the area he was assigned to and when he searched for him he was not located. R/O states that during an investigation it was determined that the accused had escaped and was in the area of Washington D.C. The accused states his father was ill and he went to see him he states he feels that he left the area without permission but did not escape.

---

[3] The Court employs the pagination assigned to this document by CM/ECF.

(*Id.*) Batra was penalized with loss of all of his accumulated good time and thirty days disciplinary segregation. (*Id.*) Batra appealed his conviction and the penalty. (ECF No. 1-3, at 1.) Batra's appeal was rejected. (*Id.*)

Batra contends that Defendants denied him due process[4] in conjunction with the above conviction on the following grounds.

Claim One     The DOR "fails to provide a correct summary of how the offender violated this offense" because it fails to state when and how Batra committed the offense. (Compl. Attach. 3.)

Claim Two     Defendants relied upon insufficient evidence to convict him.

Claim Three     Defendants failed to follow the pertinent Virginia Department of Corrections regulations.

## II. Analysis

The parties do not dispute that Batra enjoyed a liberty interest in vested good time credits. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Thus, prior to revoking vested good time credits, the Due Process Clause of the Fourteenth Amendment entitles Batra to the following process: (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974).

In Claim One, Batra contends that his written notice of the charge was deficient because on one place on the form it lists the offense date as July 3, 2013, when in fact the offense date was June 19, 2013. A document charging an inmate with a disciplinary infraction satisfies due process if it contains "sufficient factual specificity to permit a reasonable person to understand

---

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

what conduct is at issue so that he may identify relevant evidence and present a defense." *Sira v. Morton*, 380 F.3d 57, 72 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 564; *Taylor v. Rodriguez*, 238 F.3d 188, 192–93 (2d Cir. 2001)). Despite the single incorrect reference to the offense date, the charging document here, "which identified the charged offense[] and the exact time when the offense [was] alleged to have occurred, was more than sufficient to satisfy due process." *Coor v. Stansberry*, No. 3:08CV61, 2008 WL 8289490, at *2 (E.D. Va. Dec. 31, 2008). Accordingly, Claim One will be DISMISSED.

Next, Batra contends that the evidence relied to convict him is insufficient because it fails to contain a report of the "investigation completed by the officer in charge." (Compl. Attach. 5.) The Supreme Court has held "that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). Ample evidence supported Batra's guilt of escape based on the Reporting Officer's statement that Batra had left the area to which he was assigned and Batra's statement that he went to see his father in Washington, D.C. (Compl. Ex. 1, at 4.) Accordingly, Claim Two will be DISMISSED.

Finally, in Claim Three, Batra complains that Defendants failed to follow several VDOC regulations in the proceedings surrounding his convictions. Nevertheless,

> Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due . . . . If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.

*Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990). Defendants' alleged failure to abide by VDOC regulations, which do not implicate the procedural rights guaranteed by the Constitution, *see Wolff*, 418 U.S. at 563–71, does not give rise to a due process violation. *Id.* Accordingly, Claim Three will be DISMISSED.

Batra's claims will be DISMISSED. The Motion to Dismiss (ECF No. 48) will be GRANTED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 8-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

6